IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **PETER SZANTO**,<br><br>        Appellant,<br><br>    v.<br><br>**EVYE SZANTO, et al.**,<br><br>        Appellees. | Case No. 3:20-cv-533-SI<br><br>(Bankr. Ct. Case No. 16-33185-pcm7)<br>(Adv. Pro. No. 16-3114-pcm)<br><br>**OPINION AND ORDER** |

Peter Szanto, 11 Shore Pine, Newport Beach, CA 92657. Appellant *Pro Se*.

Nicholas J. Henderson, MOTSCHENBACHER & BLATTNER LLP, 117 SW Taylor Street, Suite 300, Portland, OR 97204. Of Attorneys for Appellees Evye Szanto, Victor Szanto, Nicole Szanto, Kimberley Szanto, Mariette Szanto, Anthony Szanto, Austin Bell, and Barbara Szanto Alexander.

**Michael H. Simon, District Judge.**

      This case comes to the U.S. District Court as an appeal from a Memorandum Opinion[1]

issued by the U.S. Bankruptcy Court for the District Oregon awarding Appellees' their attorney's

---

[1] Appellant also raises arguments in his Opening Brief about an August 14, 2017 letter from the U.S. Bankruptcy Judge to the parties. That letter, however, was not included in Appellant's Notice of Appeal, which includes only the March 10, 2020 Memorandum Opinion. Thus, the Court disregards Appellant's arguments relating to the letter.

PAGE 1 – OPINION AND ORDER

fees as a sanction in an adversary proceeding involving Appellant Peter Szanto (Appellant)[2] and Appellees Evye Szanto, Victor Szanto, Nicole Szanto, Kimberley Szanto, Mariette Szanto, Anthony Szanto, Austin Bell, and Barbara Szanto Alexander (Appellees).[3] For the reasons explained below, the Court affirms the Bankruptcy Court's Memorandum Opinion.

## PROCEDURAL BACKGROUND

On August 16, 2016, Appellant filed a voluntary petition under Chapter 11 of the U.S. Bankruptcy Code. This started Bankruptcy Case No. 16-bk-33185-pcm11 (Main Bankruptcy Case). The Bankruptcy Court later converted that case, over Appellant's objection, to a proceeding under Chapter 7 (changing the case number to 16-bk-33185-pcm7). On September 21, 2016, Appellant filed a complaint against Appellees, beginning Case No. 16-ap-3114 (the Adversary Proceeding), the case from which the Memorandum Opinion that is the subject of this appeal was issued.

The parties engaged in discovery and litigated several motions in the Adversary Proceeding, including motions to strike, motions to dismiss, and discovery motions. On August 15, 2017, Appellant moved for partial summary judgment against Appellees' counterclaim for wrongful initiation of civil proceedings. On August 25, 2017, Appellees moved for partial summary judgment, moving defensively against all of Appellant's claims and offensively in favor of their counterclaim for wrongful initiation of civil proceedings.

---

[2] Because Appellant and Appellees are family members and most have the same last name, to avoid confusion, the Court generally will refer to them as Appellant and Appellees instead of by name, except when discussing an individual Appellee, in which case the Court references that person by first and last name, and afterward only by first name.

[3] Although originally named by Appellant in the Adversary Proceeding as a defendant, John Barlow was dismissed by the Bankruptcy Court from the Adversary Proceeding on August14, 2017 after Mr. Barlow died. Thus, Mr. Barlow is not a party to this appeal.

In 2017 and 2018, Appellant made various filings trying to withdraw consent to the Bankruptcy Court's jurisdiction to enter a final judgment. The Bankruptcy Court rejected those filings as improper but stated that even if Appellant had filed a proper motion to withdraw consent the Bankruptcy Court would deny it. The Bankruptcy Court also explained the grounds for such a denial. Appellant then moved to withdraw the reference to the Bankruptcy Court. The Bankruptcy Court denied that motion, and on May 1, 2019, this Court affirmed. *Szanto v. Santo* (*Szanto I*), 2019 WL 1932366 (D. Or. May 1, 2019). The Court held that Appellant had failed to show good cause to withdraw his express consent to the final jurisdiction of the Bankruptcy Court at the stage of the litigation at which he attempted to do so. *Id.* at *4-6.

On May 17, 2018, the Bankruptcy Court denied Appellant's motion for summary judgment on Appellees' counterclaim, granted Appellees' motion for summary judgment on Appellant's claims, and denied Appellees' motion for summary judgment on their counterclaim. In ruling on these motions, the Bankruptcy Court also denied Appellant's request to amend his complaint to add a new claim. This left only Appellees' counterclaims for trial. The Bankruptcy Court entered partial judgment on the dismissed claims under Rule 54(b) of the Federal Rules of Civil Procedure. On December 18, 2020, this Court affirmed the Bankruptcy Court's decision. *Szanto v. Szanto* (*Szanto II*), 2020 WL 7419215 (D. Or. Dec. 18, 2020).

The Bankruptcy Court moved forward with its trial on Appellees' counterclaims for wrongful initiation of civil proceedings and request for a nationwide injunction or designation of Appellant as a vexatious litigant. The Bankruptcy Court held a three-day bench trial beginning on August 26, 2019. The Bankruptcy Court issued its opinion on November 25, 2019. The Bankruptcy Court found in favor of Appellees' Victor Szanto, Evye Szanto, Anthony Szanto, and Barbara Szanto Alexander on their wrongful use of civil proceedings claim based on six of

PAGE 3 – OPINION AND ORDER

the alleged underlying proceedings. The Bankruptcy Court entered a nationwide bankruptcy court injunction barring Appellant from filing suit against all Appellees and the estate of Appellant's parents absent representation by counsel or approval by the chief judge of the district, and recommended this Court enter a similar nationwide district court injunction. On August 19, 2022, this Court affirmed in part the Bankruptcy Court's opinion. *Szanto v. Szanto* (*Szanto III*), 2022 WL 3572993 (D. Or. Aug. 19, 2022). The Court accepted five of the six underlying cases supporting the wrongful use of civil proceedings verdict and modified the injunction to encompass only the Ninth Circuit and cover only the four Appellees' against whom wrongful conduct had been found. In all other respects, the Court affirmed the Bankruptcy Court's opinion.

In resolving Appellees' claim of wrongful initiation of civil proceedings, the Bankruptcy Court noted that it could not rely on the Adversary Proceeding as one of the underlying wrongful proceedings. The Bankruptcy Court, however, discussed Appellant's conduct in the Adversary Proceeding in analyzing whether to impose the nationwide injunction. The Bankruptcy Court concluded that Appellant's conduct in the Adversary proceeding was vexatious and harassing and unnecessarily increased the cost and burden on Appellees and the Bankruptcy Court.

Appellees filed two motions for attorney's fees in the Adversary Proceeding, one after the summary judgment opinion and one after the final trial opinion. Appellees requested fees not as the prevailing party, but as sanctions for Appellant's alleged harassing and vexatious conduct. They asserted several bases on which the Bankruptcy Court could award fees. The Bankruptcy Court rejected all but the Bankruptcy Court's inherent authority. *See* App'x 5-27.

The Bankruptcy Court stated that to sanction Appellant under the court's inherent authority, the court would need to find that Appellant (1) acted in bad faith, vexatiously,

wantonly, or for oppressive reasons, (2) delayed or disrupted litigation, or (3) took actions in the litigation for an improper purpose. App'x 15-16 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991); *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001)). The Bankruptcy Court stated that it must expressly find bad faith, based on Appellant knowingly or recklessly raising a frivolous argument, or arguing a meritorious claim for the purpose of harassing an opponent. *Id.* at 16 (citing *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997)). The Bankruptcy Court also noted that it could only shift attorney's fees incurred because of the misconduct at issue. *Id.* (citing *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017)).

The Bankruptcy Court first considered whether Appellant had been given sufficient notice for purposes of due process. The Bankruptcy Court concluded that Appellant had been given sufficient notice because Appellees' first motion for fees asserted a claim for fees as sanctions under 28 U.S.C. § 1927, which is governed by similar standards to fees as sanctions under a court's inherent authority, and requires bad faith conduct. Appellees' second motion for fees cited the Bankruptcy Court's inherent authority.

The Bankruptcy Court next analyzed whether Appellant's conduct warranted fees as a sanction. The Bankruptcy Court concluded it had, stating: "The list all of plaintiff's frivolous and unwarranted actions that have both caused defendants to incur costs of responding and required wasted effort by the court are too numerous to list in their entirety." App'x 19. After providing numerous examples of behavior the Bankruptcy Court considered abusive, the Bankruptcy Court commented that Appellant's "conduct in this adversary proceeding is the most egregious, abusive conduct this court has observed, both on the bench and as an attorney." App'x 20. Thus,

the Bankruptcy Court concluded the Adversary Proceeding was an exceptional case warranting attorney's fees as a sanction for Appellant's bad faith conduct.

The Bankruptcy Court then determined how much in attorney's fees was reasonable to compensate for the bad faith conduct of Appellant. The Bankruptcy Court found it reasonable to assess fees to defend against Appellant's complaint. The Bankruptcy Court reviewed in detail the fee submission by Appellees' and disallowed many categories of fees requested by Appellees. Ultimately, the Bankruptcy Court disallowed $133,497 and awarded $134,166.50 in attorney's fees. For costs, the Bankruptcy Court disallowed $11,439.55 and awarded $13,242.47. This appeal followed.

## STANDARD OF REVIEW

"This court reviews an award of sanctions for an abuse of discretion." *Miller v. Cardinale (In re DeVille)*, 361 F.3d 539, 547 (9th Cir. 2004). ). "A court abuses its discretion when it fails to identify and apply the correct legal rule to the relief requested, or if its application of the correct legal standard was (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011) (cleaned up); *see also In re Taylor*, 599 F.3d 880, 887-88 (9th Cir. 2010) ("If the bankruptcy court did not identify the correct legal rule, or its application of the correct legal standard to the facts was illogical, implausible, or without support in inferences that may be drawn from the facts in the record, then the bankruptcy court has abused its discretion."). Due process challenges are reviewed *de novo*. *Willamette Waterfront, Ltd. v. Victoria Station Inc. (In re Victoria Station Inc.)*, 875 F.2d 1380, 1382 (9th Cir. 1989).

## DISCUSSION

Appellant argues that the Bankruptcy Court improperly relied on 28 U.S.C. § 1927 to award sanctions. Appellant also argues that the Bankruptcy Court erred by failing to assess as

sanctions only those fees that were caused by the alleged misconduct. Appellant additionally contends that the Memorandum Opinion is invalid based on Judge McKittrick's bias, which was uniquely evident in this "hateful, seething, livid and lengthy" opinion filled with "outrageously extreme venom and very irrational hatred." Finally, in his "reply" memorandum, Appellant raises the theory that the Bankruptcy Court's Memorandum Opinion was invalid because the Bankruptcy Court did not have jurisdiction because a subset of Appellees obtained a restraining order in a Nevada court.

## A. 28 U.S.C. § 1927

The Bankruptcy Court rejected Appellees' argument that the court could assess sanctions under 28 U.S.C. § 1927. The Bankruptcy Court did not assess sanctions under § 1927. The Bankruptcy Court was clear that it only assessed sanctions under its inherent authority. The Ninth Circuit has held "that bankruptcy courts, like district courts, also possess [the] inherent power" to "to sanction 'bad faith' or 'willful misconduct,' even in the absence of express statutory authority to do so." *In re Dyer*, 322 F.3d 1178, 1196 (9th Cir. 2003). The Ninth Circuit has further stated that 11 U.S.C. § 105(a) "impliedly recognized this inherent power." *Id.* (quotation marks omitted).

The threshold issue addressed by the Bankruptcy Court was whether Appellant received sufficient notice to comply with due process. "Ordinarily a court proposing to impose sanctions notifies the person charged both of the particular alleged misconduct and of the particular disciplinary authority under which the court is planning to proceed." *In re DeVille*, 361 F.3d 539 (9th Cir. 2004)). "The rule, however, is not absolute." *In re Lehtinen*, 564 F.3d 1052, 1060 (9th Cir. 2009). "[W]hen using the inherent sanction power, due process is accorded as long as the sanctionee is provided with sufficient, advance notice of exactly which conduct was alleged to be

sanctions only those fees that were caused by the alleged misconduct. Appellant additionally contends that the Memorandum Opinion is invalid based on Judge McKittrick's bias, which was uniquely evident in this "hateful, seething, livid and lengthy" opinion filled with "outrageously extreme venom and very irrational hatred." Finally, in his "reply" memorandum, Appellant raises the theory that the Bankruptcy Court's Memorandum Opinion was invalid because the Bankruptcy Court did not have jurisdiction because a subset of Appellees obtained a restraining order in a Nevada court.

## A. 28 U.S.C. § 1927

The Bankruptcy Court rejected Appellees' argument that the court could assess sanctions under 28 U.S.C. § 1927. The Bankruptcy Court did not assess sanctions under § 1927. The Bankruptcy Court was clear that it only assessed sanctions under its inherent authority. The Ninth Circuit has held "that bankruptcy courts, like district courts, also possess [the] inherent power" to "to sanction 'bad faith' or 'willful misconduct,' even in the absence of express statutory authority to do so." *In re Dyer*, 322 F.3d 1178, 1196 (9th Cir. 2003). The Ninth Circuit has further stated that 11 U.S.C. § 105(a) "impliedly recognized this inherent power." *Id.* (quotation marks omitted).

The threshold issue addressed by the Bankruptcy Court was whether Appellant received sufficient notice to comply with due process. "Ordinarily a court proposing to impose sanctions notifies the person charged both of the particular alleged misconduct and of the particular disciplinary authority under which the court is planning to proceed." *In re DeVille*, 361 F.3d 539 (9th Cir. 2004)). "The rule, however, is not absolute." *In re Lehtinen*, 564 F.3d 1052, 1060 (9th Cir. 2009). "[W]hen using the inherent sanction power, due process is accorded as long as the sanctionee is provided with sufficient, advance notice of exactly which conduct was alleged to be

sanctions only those fees that were caused by the alleged misconduct. Appellant additionally contends that the Memorandum Opinion is invalid based on Judge McKittrick's bias, which was uniquely evident in this "hateful, seething, livid and lengthy" opinion filled with "outrageously extreme venom and very irrational hatred." Finally, in his "reply" memorandum, Appellant raises the theory that the Bankruptcy Court's Memorandum Opinion was invalid because the Bankruptcy Court did not have jurisdiction because a subset of Appellees obtained a restraining order in a Nevada court.

## A. 28 U.S.C. § 1927

The Bankruptcy Court rejected Appellees' argument that the court could assess sanctions under 28 U.S.C. § 1927. The Bankruptcy Court did not assess sanctions under § 1927. The Bankruptcy Court was clear that it only assessed sanctions under its inherent authority. The Ninth Circuit has held "that bankruptcy courts, like district courts, also possess [the] inherent power" to "to sanction 'bad faith' or 'willful misconduct,' even in the absence of express statutory authority to do so." *In re Dyer*, 322 F.3d 1178, 1196 (9th Cir. 2003). The Ninth Circuit has further stated that 11 U.S.C. § 105(a) "impliedly recognized this inherent power." *Id.* (quotation marks omitted).

The threshold issue addressed by the Bankruptcy Court was whether Appellant received sufficient notice to comply with due process. "Ordinarily a court proposing to impose sanctions notifies the person charged both of the particular alleged misconduct and of the particular disciplinary authority under which the court is planning to proceed." *In re DeVille*, 361 F.3d 539 (9th Cir. 2004)). "The rule, however, is not absolute." *In re Lehtinen*, 564 F.3d 1052, 1060 (9th Cir. 2009). "[W]hen using the inherent sanction power, due process is accorded as long as the sanctionee is provided with sufficient, advance notice of exactly which conduct was alleged to be

sanctionable, and was furthermore aware that he stood accused of having acted in bad faith." *Id.* (cleaned up).

In assessing whether Appellant had notice such that his due process rights were not violated, the Bankruptcy Court stated that in Appellees' first motion for attorney's fees they did not assert a claim for fees under the court's inherent authority. The Bankruptcy Court noted, however, that Appellees did assert a claim under § 1927. The Bankruptcy Court described that a claim under § 1927 is evaluated under similar standards as a claim under a court's inherent authority, such that the bad faith of the party against whom sanctions is sought is at issue.

The point of this discussion by the Bankruptcy Court's was not because the Bankruptcy Court was assessing sanctions under § 1927, but because the court was considering whether Appellant had been given sufficient due process notice that he "stood accused of having acted in bad faith." *In re Lehtinen*, 564 F.3d at 1060. Appellees had specifically raised a claim for sanctions under § 1927, which requires bad faith conduct. That is what the Bankruptcy Court relied on to conclude that Appellant was *on notice* that he stood accused of acting in bad faith. That was not the basis on which the Bankruptcy Court ultimately *awarded sanctions*, which was the court's inherent authority. The standards under the court's inherent authority also require that Appellant act in bad faith. The fact that both § 1927 and the court's inherent authority require bad faith does not mean that the Bankruptcy Court based its decision on § 1927, it simply means that asserting a claim under either theory would put Appellant on notice that he is alleged to have acted in bad faith.

Appellees' first motion did not put Appellant on notice that he was facing sanctions based on the Bankruptcy Court's inherent authority. It did, however, put Appellant on sufficient notice that he stood accused of bad faith conduct. Because the Ninth Circuit has held that a sanctionee

receives sufficient notice to comply with due process when a court may sanction under its inherent authority so long as a sanctionee knows that he is charged with bad faith, Appellant had sufficient notice based on knowing his alleged bad faith was at issue.[4] *In re Lehtinen*, 564 F.3d at 1060. Appellees' second motion expressly put Appellant on notice that he was facing sanctions for those fees based on the Bankruptcy Court's inherent authority. The Bankruptcy Court did not err in its discussion of § 1927 or in concluding that Appellant received sufficient due process notice.

To the extent Appellant's arguments in this section are meant to encompass the Bankruptcy Court's analysis of the substance of the fee determination, the Bankruptcy Court did not abuse its discretion. The Bankruptcy Court identified the correct legal standards for applying its inherent authority and its application of those standards was not illogical, implausible, or without support from inferences in the record. *In re Roman Catholic Archbishop of Portland*, 661 F.3d at 424.

## B.  Causal Link for Fees Awarded

Appellant argues that the Bankruptcy Court assessed that all fees in the Adversary Proceeding were recoverable without making any causal connection between recoverable fees and the misconduct at issue. This argument is rejected. The Bankruptcy Court found that all fees defending Appellant's complaint in the Adversary Proceeding would be reasonably recoverable. The Bankruptcy Court then reviewed in detail the requested fees and reduced them by half, finding half of the requested fees *not* causally connected to the misconduct.

---

[4] To the extent Appellant also is disputing the Bankruptcy Court's conclusion that Appellant was on notice of the specific conduct alleged to have been at issue, the Court finds that the Bankruptcy Court did not err in so finding. Appellees described the conduct in their motions.

### C. Judicial Bias

Appellant also argues that the Bankruptcy Court Judge exhibited bias, "rage" against, and "hatred" toward Appellant that caused adverse rulings against him. This Court previously rejected Appellant's claims of judicial bias and his assertion that the Bankruptcy Court's opinions must be vacated because of bias by the Bankruptcy Court Judge. The Court has explained that adverse rulings and alleged prejudice from judicial proceedings are an insufficient basis on which to assert bias. As the Ninth Circuit has explained:

> The standard for recusal under 28 U.S.C. §§ 144, 455 is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. The alleged prejudice must result from an extrajudicial source; *a judge's prior adverse ruling is not sufficient cause for recusal*.

*United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (emphasis added) (quotation marks and citations omitted); *see also United States v. Holland*, 519 F.3d 909, 913-14 (9th Cir. 2008) ("In general, the conscientious judge should also bear in mind that § 455(a) is limited by the 'extrajudicial source' factor which generally requires as the basis for recusal something other than rulings, opinions formed or statements made by the judge during the course of trial."); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984) ("To provide grounds for recusal, prejudice must result from an extrajudicial source. A judge's previous adverse ruling alone is not sufficient bias." (citation omitted)).

Indeed, as stated by the Supreme Court, "[j]udicial rulings alone almost never constitute valid basis for a bias or partiality motion." *Litekey v. United States*, 510 U.S. 540, 555 (1994). Further, "[a] judge's views on legal issues may not serve as the basis for motions to disqualify." *United States v. Conforte*, 624 F.2d 869, 882 (9th Cir. 1980). To disqualify a judge based on judicial remarks during the course of judicial proceedings, the remarks must "reveal such a high

degree of favoritism or antagonism as to make fair judgment impossible." *Litekey*, 510 U.S. at 555.

Appellant asserts that the Bankruptcy Court Judge's rulings and comments reflect a judicial animosity and "hatred" against Appellant that is "off the charts" and favoritism toward Appellees. Appellant argues that because Judge McKittrick asked Appellant how to pronounce the name "Szanto" at an early hearing, denied Appellant electronic case filing (ECF) privileges at the beginning of the case, and set a hearing on a motion shortly after Appellant filed it without waiting for Appellees to respond, among other conduct, Judge McKittrick is an "active participant" in the case on behalf of Appellees. The Court has considered Appellant's arguments and disagrees that the asserted conduct by the Bankruptcy Court Judge meets the demanding standard for disqualification needed to render the Memorandum Opinion invalid.

### D. Subject Matter Jurisdiction/Claim Preclusion

Appellant contends that the Memorandum Opinion is "void" and Appellees' claims were "waived, forfeit and lost forever after March 6, 2017," when a subset of Appellees obtained a domestic violence protective order in East Fork Township, Nevada. The Court disregards this argument, which was raised only in Appellant's reply. *Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010) (noting that "arguments raised for the first time in a reply brief are waived"); *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

Even if this argument were timely raised (and not raised for the first time in reply), the Court would reject it. The Court already explained that this is a matter of claim preclusion, not subject matter jurisdiction, and rejected this argument in resolving Appellant's appeal of the Bankruptcy Court's decision on Appellees' counterclaims. *See Szanto III*, 2022 WL 3572993, at *6-8. Nothing argued by Appellant persuades the Court to change this conclusion.

## CONCLUSION

The Court AFFIRMS the Memorandum Opinion of the Bankruptcy Court.

**IT IS SO ORDERED**.

DATED this 28th day of September, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge
